WILLIAM T. PLUM, Jr., AND VIRGIE L. S. PLUM, PLAINTIFFS, v. ADA M. TAYLOR, CHARLES TAYLOR AND THOMAS REGAN, DEFENDANTS.

Submitted January 30, 1931—Decided August 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Louis J. Beers.*

*Contra, Patterson, Rhome & Morgan.*

PER CURIAM.

The action was by Virgie L. S. Plum and her husband to recover damages for injuries to Mrs. Plum received in a collision between an automobile in which she was riding and an automobile driven by the defendant Charles Taylor. The wife was awarded a verdict of $3,800 and her husband a verdict of $1,000, against all of the defendants. The defendants Ada M. and Charles Taylor have a rule for new trial and urge three reasons as grounds for making the rule absolute: (1) That there should have been a nonsuit; (2) that the verdict was against the weight of the evidence; (3) that the damages are excessive.

We think none of these reasons are well founded. As to the first and second points: The accident happened at Asbury Park. The plaintiff was proceeding north on Main street and the Taylors south, on the same highway, both having the green light in their favor. As they approached Second avenue the car of the defendant Regan, driven by himself, approached Main street in a westerly direction. Hesitating as he entered the street, he then put on speed and continued across in the face of the red light. Taylor, in order to avoid him, turned to the left across the center white line of the highway and collided head on with the car

of the plaintiff. This, of course, justified an inference of negligence. His mere presence on the wrong side of the highway and proceeding against the line of traffic was evidential to this effect, and we think such inference was supplemented by positive proofs in the testimony of Taylor himself that he was proceeding as the easterly one of three lines of travel; that the drivers of all of the head cars of these three lines apparently saw the Regan car crossing; that the car immediately to Taylor's right stopped, the car further from him and to the west turned right into Second avenue; that he was going at approximately twenty-five miles an hour, the same rate at which the other two lines were traveling; that the car next to him came to a full stop when the Regan car appeared. He was then asked why he did not stop his car when the Regan car passed in front of him. He answered that he was trying to pass behind it. When asked if he could not have stopped his car he answered, "probably."

The case, therefore, presented is that instead of doing the obviously safe thing, Taylor preferred to take a chance with facing the northerly line of travel. The nonsuit was not only properly refused but we think that the verdict was not against the weight of the evidence.

As to the damages: The plaintiff Mrs. Plum received injuries in the pelvic region and they resulted in a miscarriage and the ejection of a four months' foetus. She also had a severance of the small bones of the coccyx, with the result of severe pain which lasted up to the time of trial sixteen months after the accident, and according to the medical testimony on both sides would always be a source of pain and discomfort. She was confined to bed two weeks. The verdict in her favor seems ample, but we are not prepared to say that it is too much. The award to the husband is not excessive. There was proof of $600 of actual money expenditures for medical services and maid's wages and the remaining $400 could easily be accounted for in the circumscribed enjoyment of his wife's companionship.

The rule is discharged, with costs.